Filed 10/26/22  P. v. Warmsley CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B318265 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA059248) |
| v. | |
| TITUS TARVIN WARMSLEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Nicole C. Bershon, Judge.  Dismissed.

Ryan Patrick King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Titus Tarvin Warmsley appeals the trial court's order denying his petition for resentencing under Penal Code section 1170.18.[1]  In 2004, Warmsley was convicted of robbery.  (§ 211.) The trial court found true the allegation that Warmsley suffered two prior strike convictions.  (§§ 667, subds. (b)–(i), 1170.12.) Warmsley was sentenced to 25 years to life for the robbery, plus five years for a prior serious felony enhancement pursuant to section 667, subdivision (a)(1).

On December 16, 2021, Warmsley filed a petition for resentencing, which the trial court denied with prejudice because Warmsley's conviction could not be reduced to a misdemeanor under section 1170.18, subdivision (f).  Warmsley timely appealed.

We appointed counsel.  After reviewing the record, counsel filed an opening brief asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  On July 27, 2022, we advised Warmsley that he had 30 days to submit any contentions or issues he wished us to consider.  No response has been received to date.

Because the instant appeal is not from his conviction, Warmsley is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *Serrano, supra,* 211 Cal.App.4th at p. 503; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.)  Nonetheless, we have reviewed the record in its entirety.

---

[1] All further statutory references are to the Penal Code.

Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  (§ 211.)  The crime is, by definition, a felony. Robbery is not listed in section 1170.18 as an offense to which the redesignation procedure under section 1170.18, subdivision (f) applies.  Warmsley is therefore not eligible for redesignation of his felony conviction as a misdemeanor.  The trial court properly denied his petition for relief.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


                                                    MOOR, J.


We concur:



            RUBIN, P. J.



            KIM, J.



3